UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENYA SHAREBA SMITH, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:16-cv-11676 |
| COMENITY BANK, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes KENYA SHAREBA SMITH ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of COMENITY BANK ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227, the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1, and the Bankruptcy Automatic Stay ("Automatic Stay") pursuant to 11 U.S.C. §362(k)(1) for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331, 1334, and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 45 year old person currently residing at 7743 South Saginaw Avenue, Chicago, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Plaintiff was a "debtor" as defined by 11 U.S.C §101(13) of the Bankruptcy Code

7. Defendant is a national banking institution organized under the laws of the United States with its headquarters located in Wilmington, Delaware. Defendant is a foreign company that conducts business with consumers in Illinois.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

9. Defendant was a "creditor" as defined by 11 U.S.C §101(10) of the Bankruptcy Code.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

11. Well over a year ago, Plaintiff obtained consumer credit cards issued through Defendant to purchase household goods. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

12. When Plaintiff first obtained the consumer credit cards from Defendant, she would routinely make payments. However, after experiencing financial hardship, Plaintiff became late with her payments to Defendant. *See* Exhibit A.

13. When Plaintiff has been late with payments in the past, Defendant's practice has been to call Plaintiff's cellular phone, (312) XXX-4693, repeatedly seeking to secure payment. *Id.*

14. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 4693. Plaintiff is and has always been financially responsible for the cellular phone and its services.

15. Due to the financial distress Plaintiff was going through, she sought relief through bankruptcy. *Id.*

16. On July 30, 2015, Plaintiff filed a Chapter 13 petition in the United States Bankruptcy Court, Northern District of Illinois, under case number 15-25938 ("Bankruptcy Case"), invoking protections of the Automatic Stay pursuant to 11 U.S.C. §362 *et seq*. *See* attached Exhibit B is a true and correct copy of the docket from the Bankruptcy Case.

17. The Automatic Stay prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §362(a)(6).

18. On August 1, 2015, by virtue of being listed as a creditor, the Bankruptcy Noticing Center ("BNC") served Defendant with notice of the Bankruptcy Case. *See* attached Exhibit C for a true and correct copy of the BNC Certificate of Notice establishing service on Defendant.

19. The Certificate of Notice advised Defendant of the Automatic Stay and warned:

> "Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment...." *Id.*

20. The Bankruptcy Case was ultimately dismissed on May 18, 2016 and closed on July 19, 2016. *See* Exhibit B.

21. Beginning in approximately November 2015 and during the pendency of the Bankruptcy Case and while the Automatic Stay was in effect, Plaintiff began receiving phone calls from Defendant to her cellular phone seeking to collect payment. *See* Exhibit A.

3

22. The phone number that Defendant has most often used to contact Plaintiff is (614) 212-7531, however, Plaintiff believes other numbers have been used as well. *Id.*

23. Upon information and belief, the phone number ending in 7531 is regularly utilized by Defendant to contact consumers during its debt collection activities.

24. When Plaintiff answers calls from Defendant, she often experiences a pause, approximately five seconds in length, before a live representative begins to speak. *Id.*

25. During other answered calls from Defendant, Plaintiff has experienced a recorded message prior to being connected with a live representative. *Id.*

26. Plaintiff has received countless calls from Defendant during the pendency of her bankruptcy. *Id.*

27. Upon speaking with one of Defendant's representatives, Plaintiff demanded that it stop contacting her and advised of the Bankruptcy Case. *Id.*

28. Despite these prompts , Defendant continued to regularly call Plaintiff's cellular phone. *Id.*

29. In one instance in which Plaintiff notified Defendant of her inability to pay and demanded it cease calling her, one of its representatives threatened to garnish her wages. *Id.*

30. Plaintiff has also asked Defendant to remove her from its call list on at least one occasion, but the calls have persisted. *Id.*

31. Plaintiff has received multiple calls from Defendant in the same day, with many of its calls being placed back-to-back, often within minutes of one another. *Id.*

32. Plaintiff has received a litany of phone calls to her cellular phone from Defendant while she has been at work, which has caused major disruptions and has affected her overall performance in the workplace. *Id.*

33. For instance, Plaintiff has received not less than 13 calls in a two-day period between December 2, 2015 and December 3, 2015. *Id.*

34. Plaintiff has received at least 85 phone calls from Defendant since asking it to stop calling. *Id.*

35. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights resulting in costs and expenses.

36. Plaintiff has suffered financial loss as a result of Defendant's actions. She has expended money purchasing and maintaining an application for her cellular phone in order to block Defendant's calls. *Id.*

37. Plaintiff has been unfairly harassed by Defendant's actions.

38. Plaintiff has suffered actual harm, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, mental anguish from believing her bankruptcy had no legal effect, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

39. Plaintiff repeats and realleges paragraphs 1 through 38 as though fully set forth herein.

40. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

41. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The approximate five second pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the recorded message Plaintiff heard on other answered calls points to the use of an ATDS. Lastly, the frequency and nature of Defendant's calls are indicative of an ATDS.

42. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by her notifying it of the Bankruptcy Case and demanding that it stop contacting her..

43. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

44. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, KENYA SHAREBA SMITH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS
### <u>CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT</u>

45. Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

47. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

48. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

49. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when she requested that it no longer do so. Defendant ignored Plaintiff's request and continued to contact her, systematically calling multiple times during the same day on back-to-back days. Some of Defendant's calls were made just minutes apart and placed with the hope that Plaintiff would be compelled to make payment. Defendant has even threatened to garnish Plaintiff's wages if she did not make a payment. Defendant has also called Plaintiff multiple times while she has been at work, which has severely disrupted her livelihood. Plaintiff demanded that Defendant remove her from its call list, and notified it that she should not be contacted as she is in an active bankruptcy. Defendant ignored Plaintiff's prompts to cease its calls and continued to place collection calls to her cellular phone.

7

50. It was fraudulent and deceptive for Defendant to seek collection on debt that was subject to the Automatic Stay. Defendant was specifically notified by the BNC of the Bankruptcy Case and its inability to continue collection activity against Plaintiff. Defendant willfully ignored this notice, as well as Plaintiff's prompts, in an unlawful attempt to secure payment.

51. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

52. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

53. As pled in paragraphs 32 through 38, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices, including spending money on the purchase of a blocking application. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, KENYA SHAREBA SMITH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III- VIOLATION OF THE AUTOMATIC STAY

54. Plaintiff restates and reallege paragraphs 1 through 53 as though fully set forth herein.

55. Defendant violated the Automatic Stay by placing a series of harassing phone calls to Plaintiff's cellular phone in an attempt to illegally collect the subject debt.

56. Defendant had actual knowledge of Plaintiff's bankruptcy filing as it not only received notice from the BNC, but Plaintiff also notified one of Defendant's representatives that she was not supposed to be contacted. As such, the violations of the Automatic Stay were willful.

57. Defendant's conduct represents a brazen disregard of both the letter and the intent of the Bankruptcy Code.

58. As pled above, Plaintiff was harmed by Defendant's willful violations of the Automatic Stay. An individual who has been injured by any willful violation of the automatic stay provisions shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages. 11 U.S.C. § 362(k)(1). Plaintiff is entitled to punitive damages for Defendant's arrogant disregard of the Bankruptcy Code and its provisions.

**WHEREFORE**, Plaintiff, KENYA SHAREBA SMITH respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. That this Honorable Court enter an order directing Defendant to pay a sum determined by the Court to Plaintiff for actual damages for violations of 11 U.S.C. § 362(k)(1);

b. That this Honorable Court enter an order directing Defendant to pay a sum determined by the Court to Plaintiff for punitive damages for violations of 11 U.S.C. § 362(k)(1);

c. That this Honorable Court enter an order directing Defendant to pay a sum determined by the Court to Plaintiff for all reasonable legal fees and expenses incurred by her attorneys for violations of 11 U.S.C. § 362(k)(1); and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 28, 2016 Respectfully submitted,

<div style="margin-left:3em">

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

</div>